**REICHERT, Plaintiff-Appellant, v. MIKESELL et al.,
Defendants-Appellees.**

Ohio Appeals, Third District, Van Wert County.

No. 164.   Decided December 9, 1943.

258

C. E. Drury, Van Wert, for plaintiff-appellant.
J. F. Beam, Van Wert, for defendants-appellees.

## OPINION

By GUERNSEY, P. J.

This is an appeal upon questions of law, from a judgment of the Court of Common Pleas of Van Wert County, Ohio, in an action pending therein wherein the appellant, Adolph Reichert, was plaintiff, and the appellees, Jerry Mikesell, Maxine Mikesell, Frances Leitner, Stephen S. Beard as Executor of the Last Will and Testament of Lula L. Evans, deceased, and The Van Wert Humane Society were defendants.

The action is one for the appointment of a trustee or trustees to administer certain dispositions of property made by Lula L. Evans, deceased, in Item 9 of her will, and for an order to transfer the title to certain real estate included in such dispositions to such trustee or trustees, for the purposes set forth in the will subject to the reversion provisions therein prescribed, and for the recovery by plaintiff from the recipient of the shares of stock included in such dispositions, of the sum of six dollars per week since the death of Lula L. Evans, for the performance of his work as attendant for a dog pound and shelter for animals located on said real estate, and for such other and further relief as may be proper.

Whatever right the plaintiff may have to relief in this action is based on the averments contained in his amended petition.

Stephen S. Beard, as Executor of the Last Will and Testament of Lula L. Evans, deceased, filed his answer to plaintiff's

amended petition, which answer, for the purposes of this appeal, may be and is considered as amounting to a general denial of the averments thereof. None of the other defendants filed an answer to the amended petition, and following the filing of the answer of the defendant executor, all the defendants joined in a motion for judgment on the pleadings, and the Court of Common Pleas finding that the defendants were entitled to a judgment upon the statements in the pleadings for the reason that the amended petition does not contain sufficient facts to constitute a cause of action, granted said motion and rendered judgment accordingly, which is the judgment from which this appeal is taken.

Plaintiff-appellant makes a number of assignments of error all of which are based on the contention that the judgment appealed from is contrary to law.

In substance, the facts averred in the amended petition are as follows:

1. Lula L. Evans died testate on the 15th day of March, 1941, and her Last Will and Testament was admitted to probate in the Probate Court of Van Wert County, Ohio, on the 19th day of March, 1941.

2. Stephen S. Beard is the duly appointed and qualified executor of said Last Will and Testament, and the defendants Jerry Mikesell, Maxine Mikesell and Frances Leitner are the residuary devisees and legatees of said Lula L. Evans, deceased, under the provisions of her last Will and testament.

3. The decedent, at the time of her death, owned certain real estate which for approximately six years prior to her death, and continually since, was and is being used as a dog pound and shelter for animals, open to public use, and to which the county dog warden and agents of The Van Wert County Humane Society, employed jointly by the County of Van Wert, the City of Van Wert, and The Van Wert County Humane Society, have brought numerous stray, injured, diseased, unwanted and dangerous dogs and animals, where they have received care, shelter, and humane disposition when necessary.

4. The Van Wert County Humane Society is a society incorporated and existing under the statutes of Ohio, and is amenable to the provisions of the General Code of Ohio relating to humane societies, and, as such society, receives financial assistance from public funds for the employment of agents representing it.

5. Lula L. Evans died seized in fee simple of the real estate described in plaintiff's petition.

6. This animal shelter has the only suitable adequate buildings and equipment in the City of Van Wert and Van Wert County for the maintenance of a dog pound and shelter, and is also used by the general public as a refuge for diseased, injured, dangerous and unwanted dogs and cats. Use is also made of the shelter by the general public, in leaving their pets during temporary absences.

7. In her last will and testament, Lula L. Evans provided, concerning plaintiff Adolph Reichert, and the defendant The Van Wert County Humane Society, and the defendants Jerry Mikesell, Maxine Mikesell and Frances Leitner as residuary legatees and devisees named in said will, as follows:

"Item 9.

"I devise to The Van Wert County Humane Society, the following described real estate situate in the City of Van Wert, County of Van Wert and State of Ohio:

(Legal description of premises.)

To be held by said Society as long as said premises are used and occupied as a dog pound and shelter for animals. All expenses of the maintenance of said dog pound and shelter shall be paid by the Van Wert County Humane Society.

"I request that if at the time of my death, the present attendant Adolph Reichert is residing on said premises and taking care of said animals and shelter that he continue in such capacity and be permitted to reside thereon without rent. If at any time the said, The Van Wert County Humane society shall not use said premises as a dog pound or shelter or fail to comply with any of the other provisions of this devise, then the said, The Van Wert County Humane Society shall forfeit said premises and the same shall revert to my estate and shall be disposed of as provided in the residuary clause hereinafter contained.

"I also give and bequeath to The Van Wert County Humane Society, one hundred and twenty (120) shares of stock in the E. J. Evans & Company, upon the condition that the income thereof to the amount of six dollars ($6.00) per week, shall be paid to Adolph Reichert so long as he remains as the attendant of said dog pound and shelter for animals and the balance of said income to be used for maintenance

and upkeep of said premises. In the event The Van Wert County Humane Society shall fail at any time to use the income for said purposes, then it shall forfeit its rights to said stock and the same shall become a part of the property disposed of in the residuary clause of this, my Last Will and Testament."

"Item 11.

"The remainder of my estate I give, devise and bequeath absolutely and in fee simple, to Jerry Mikesell, Maxine Mikesell and Frances Leitner, share and share alike."

8. Plaintiff Adolph Reichert was residing on said premises as an attendant and taking care of said animals at the time of the death of testator, and still is. He also, for approximately ten years, had attended testator as a chauffeur and handyman for a sum of money inadequate to the value of his services.

9. The Van Wert County Humane Society refused to accept the devise and bequest made to it.

The sole question presented by this appeal, is:—Do the provisions of Item 9 of the will of Lula Evans, for the benefit of the plaintiff Adolph Reichert, fail and become of no effect by reason of the refusal of the Van Wert County Humane Society to accept the devise and bequest to it therein made?

Sec. 10063 GC, makes provision for the vesting of title to and the management of property acquired by gift, devise or bequest for special purposes by a county humane society. It is applicable only when property is acquired in the manner mentioned, and does not purport to and does not make it mandatory for a county humane society to accept property which may be given, devised or bequeathed to it for special purposes.

The devise of the real estate described in Item 9 was made upon the express condition that all expenses of the maintenance of said dog pound and shelter should be paid by The Van Wert County Humane Society. It is within the range of probability that compliance with this condition might require more money than available from the trust fund and thereby prove unduly burdensome to the Society and render it unable to carry out the major purposes for which it is organized.

"There is no duty imposed upon anyone named as a trustee in a trust to accept the duties imposed by the office. He may decline to accept." **40 O. Jur. Trusts, Section 59, page 204.**

Furthermore, there is no duty imposed upon any one to accept a devise or bequest or to act as trustee of a trust where the terms thereof are such that the duties imposed are or may become burdensome.

For the reasons mentioned, The Van Wert County Humane Society had the right to refuse to accept the devise and bequest to it prescribed in Item 9 of the will.

From the will creating the trust it is evident that the settlor Lula L. Evans intended that only The Van Wert County Humane Society, the trustee named, could carry out the trust, particularly in view of the fact that such society, under the terms of the trust, was required to pay all expenses of the maintenance of the dog pound and shelter, which was the subject-matter of the trust, and the further fact that the settlor of the trust provided for a reversion of the corpus of the trust if the society should at any time not use said premises as a dog pound or shelter, or should fail to comply with any of the other provisions of the devise and bequest.

These facts bring the trust within the general rule that where by the trust instrument it is evident that the settlor manifested the intention that only the trustee named could carry out the trust, or where personal discretion is imposed, the disclaimer of the trustee will defeat the trust. **40 O. Jur. Trusts, Section 59, page 204.**

As the trust instrument in the instant case provided for the reversion of the corpus of the trust, upon the failure of The Van Wert County Humane Society, the sole fiduciary, to accept the trust, the court was without authority, under the provisions of §10506-55 GC to issue letters of appointment as fiduciary, to any other person.

Upon the non-acceptance by The Van Wert County Humane Society of the devise and bequest, the trust failed and the corpus of the proposed trust, pursuant to the terms of the instrument creating the trust, reverted to the estate of the testator for disposal in the manner provided in the residuary clause of said will.

The provisions of Item 9 of the will for the benefit of the plaintiff Adolph Reichert are not independent and separate from the trust attempted to be created by the will, of which The Van Wert County Humane Society was designated as trustee, but are wholly contingent upon the trust becoming effective through the acceptance of the devise and bequest, by The Van Wert County Humane Society as trustee.

The trust having failed through the refusal of the designated trustee to accept the same, the provisions for the benefit of plaintiff Adolph Reichert did not become effective, and the property comprising the trust reverted to the estate, as prescribed in the will, free of any claim of plaintiff therein or thereon.

For the reasons mentioned, the amended petition of the plaintiff did not state a cause of action and the court did not err in sustaining the motion of defendants for judgment in their favor on the pleadings, and in rendering judgment accordingly. The judgment will therefore be affirmed at costs of plaintiff-appellant.

JACKSON and MIDDLETON, JJ., concur.